# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

DEREK BAILEY,                )
                                      )
              Petitioner,     )
v.                            )     No. 1:10-cv-839-JMS-DKL
                                      )
D. L. STINE,               )
              Respondent.    )

## Entry Discussing Amended Petition for Writ of Habeas Corpus and Denying Certificate of Appealability

For the reasons explained in this Entry, the amended petition of Derek Bailey for a writ of habeas corpus must be denied and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

### I.

### A.

Bailey asserts in his amended petition for writ of habeas corpus that the statutes under which he has been convicted are void for vagueness. He adds the ubiquitous claim that he was denied the effective assistance of counsel. The respondent asserts that Bailey's habeas petition was not timely filed. Bailey has replied to the respondent's argument.

### B.

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida,* 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)). The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

### C.

The facts pertinent to the computation of the statute of limitations in this case are the following: Bailey was convicted in an Indiana state court in of child molesting and of sexual misconduct with a minor. He received a 22-year sentence, which he is now serving at an Indiana prison.

Bailey's convictions are based on his plea of guilty to child molesting and sexual misconduct with a minor. He was sentenced on June 4, 2002. There was no direct appeal taken from this sentencing.

On June 1, 2004, Bailey filed a petition for post-conviction relief. The trial court denied that petition for post-conviction relief on December 30, 2005. No appeal was taken from this decision. Further post-conviction activity occurred in the Indiana state courts, but the details are of no consequence.

On June 30, 2010, Bailey filed a petition for writ of habeas corpus. His amended petition for writ of habeas corpus was filed on August 9, 2011, and he filed a supplement to such petition on October 13, 2011.

### D.

The legal significance of the foregoing facts is the following:

- Bailey's conviction was final on July 5, 2002, the last day on which he could have filed a notice of appeal from his state conviction. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

- Bailey had until July 6, 2003, to file a habeas petition or have a properly filed petition for post-conviction relief pending in state court. He did neither.

- Bailey did not file his petition for post-conviction relief until June 1, 2004, nearly a year after the statute of limitations had expired.

The statute of limitations established by 28 U.S.C. 2244(d) expired on July 6, 2003. Thus, Bailey's habeas petition was filed seven (7) years after the statute of limitations expired. In his reply to the respondent's return, Even his petition for post-conviction relief was filed after the statute of limitations had expired, and hence the activity with and after the action for post-conviction relief does not affect the analysis of the timeliness of Bailey's habeas petition. *Fernandez v. Sternes,* 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

### E.

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Bailey encounters the hurdle produced by the one-year statute of limitations.

His petition for a writ of habeas corpus is therefore **dismissed as untimely.** Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Bailey has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: _04/09/2012_

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana